UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 99-50154
Summary Calendar

GEORGE SAUER,

Plaintiff-Appellant,

versus

ICI PAINTS IN NORTH AMERICA,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-98-CA-29-OG

October 20, 1999

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

This is an age discrimination case. Appellant George Sauer seeks a reversal of the district court's adoption of the Magistrate Judge's grant of summary judgment in favor of Appellee ICI Paints. Sauer also appeals the district court's affirmance of the Magistrate Judge's order denying his motion to compel discovery as untimely filed. We affirm.

We review the district court's grant of summary judgment *de novo*. *See John Deere Ins. Co. v. Trucking USA*, 122 F.3d 270, 272 (5th Cir. 1997). We review the district court's enforcement of its

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

scheduling order for abuse of discretion. *See Rushing v. Kansas City Ry. Co.*, No. 98-60590, 1999 WL 615161, at *8 (5th Cir. August 30, 1999)

A plaintiff must prove the following to make a prima facie case of discriminatory discharge on the basis of age: (1) that he is a member of the protected class; (2) the he was discharged; (3) the he was qualified for the position he held; and (4) that he was replaced by someone younger than he or otherwise discharged because of his age. *See Dow v. CFC Logic, Inc.,* 82 F.3d 651, 654 (5th Cir. 1996). Sauer proved a prima facie case of age discrimination. Sauer was sixty four years of age at the time of his termination in August, 1997. Sauer was employed as a Major Market Manager with ICI Paints, overseeing four stores in the San Antonio area, and he had thirty years of experience working for ICI and the two previous owners of the company. Sauer's duties were assumed by his superior Butch Rivers, Regional Manager for ICI, who was fifty four years of age when Sauer's position was eliminated.

Once a plaintiff proves a prima facie case of age discrimination, the defendant must offer a legitimate, nondiscriminatory reason for its employment decision, which the plaintiff may rebut by proving that the proffered reason is pretext for discrimination. *See St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 510-11 (1993). ICI offered a legitimate, nondiscriminatory reason for eliminating Sauer's position: to improve the efficiency of its operations by eliminating a mid-level management position

and transferring the duties of that position to a more senior manager.

Sauer offered as evidence of pretext comments at company meetings that he was a "senior citizen," but he could not recall who made these remarks. Stray remarks are not sufficient to prove age discrimination. *See Price v. Marathon Cheese Corp.*, 119 F.3d 330, 337 (5th Cir. 1997). Sauer also offered as evidence of pretext that Rivers resigned months later, and the duties of his position were assigned to two other employees, both younger than Sauer. Rivers' deposition testimony showed that he retired because he was unhappy with ICI's business policies, and that ICI did not want him to retire. As Sauer's duties were assumed by Rivers at the time of Sauer's discharge, and Rivers' retirement was not part of an ICI reorganization, the subsequent employment actions are not pertinent to Sauer's age discrimination claim.[1] Sauer failed to offer evidence of pretext sufficient to create a genuine issue of material fact with respect to his age discrimination claim. The district court properly granted ICI's motion for summary judgment.

Sauer appeals the district court's affirmance of the Magistrate Judge's order denying Sauer's motion to compel discovery. Sauer served a request for documents October 1, 1998, and the discovery deadline was set for October 23, 1998. The

---

[1]In a reduction-in-force case, the plaintiff must present evidence that age was not a neutral factor in its decisions. *See Armendariz v. Pinkerton Tobacco Co.*, 58 F.3d 144, 150 (5th Cir.), *cert. denied*, 516 U.S. 1047 (1996). Sauer argues that Rivers' retirement and the transfer of his duties to two younger men was part of a reduction-in-force intended to replace older workers with younger ones. Rivers' deposition testimony belies that assertion.

Scheduling Order provided that the responding party was not obligated to respond to written discovery if the response would be due after the expiration of the discovery period.  Hence ICI was not obligated to respond.  Further, the motion to compel was filed November 6, 1998, and the deadline for motions relating to discovery was October 23, 1998, the expiration of the discovery period.  Since Sauer's motion was untimely filed, the district court properly affirmed the Magistrate Judge's order denying the motion.

AFFIRMED